```
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Michael A. Singleton, | ) C/A No. 8:10-2548-TLW-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Report and Recommendation |
| | ) |
| State of South Carolina, Prosecutor's Office; | ) |
| The Charleston County Sherriff's Office; | ) |
| 9th Circuit Public Defender's Office, | ) |
| | ) |
| Respondents. | ) |

Michael A. Singleton (Petitioner), proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner, a detainee at the Charleston County Detention Center, files this action *in forma pauperis* under 28 U.S.C. § 1915.[1]

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner's initial pleading, styled as a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, sought "release of body" and expungement of Petitioner's record. ECF No. 1, page 1. The original petition asked the Court to "again revisit [Petitioner's] 2001-2003 unlawful dealings with the above respondents," claiming that he was unjustly convicted in 2003. *Id.* Petitioner claimed that he was denied effective assistance of legal counsel between 2001 and 2003 and subjected to the "incompetence of the P.D. office." *Id.* at 2. Petitioner further complained that he was being unjustly imprisoned at the time he filed the petition, but failed to indicate his reason for detention at the Charleston County Detention Center (CCDC). *Id.* at 1. Finally, Petitioner claimed that he was being subjected to "cruel and unusual punishment," discrimination, and denial of court access. *Id.* at 2.

Petitioner initially failed to pay the filing fee in this case or submit an application to proceed *in forma pauperis*. Therefore, an Order was issued on October 19, 2010, directing Petitioner to bring this case into proper form. ECF No. 6. Petitioner complied with the Court's Order by submitting a motion for leave to proceed *in forma pauperis*. ECF No. 8. Petitioner also submitted an amended petition to the Court on November 1, 2010, and an attachment to the amended petition on November 12, 2010. ECF No.'s 10, 12. Petitioner's amended pleading, which is also titled as an action for habeas corpus relief, explains that he is currently detained on a probation violation warrant. ECF No. 10 , page 1; ECF No. 12, page 1. The amended petition again discusses Petitioner's "2001-2003 encounter" with the Respondents, and states that Petitioner was "compelled to be made a witness against [himself]," subjected "to an excessive bail," and denied legal assistance during his prior incarceration at the CCDC. ECF No. 10, page 1. *See also* ECF No. 12, pages 2-3. Petitioner claims that he is being "unlawfully detained by the State's agency again in 2010" and was arrested on July 14, 2010, on probation violation warrant number 1003599. ECF No. 10, pages 1-2. Petitioner states that his former public defender is again proving ineffective and that Petitioner is being subjected to violations of his rights under 42 U.S.C. § 1983. ECF No. 10, page 3; ECF No. 12, page 2. Petitioner claims "injuries and damages" associated with the violation of his constitutional rights. ECF No. 10, page 3.[3]

---

[3] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). However, habeas corpus is not an appropriate or available remedy for damages claims. *Id.* at 494. Therefore, to the extent Petitioner seeks monetary damages for alleged violations of his constitutional rights, such relief is unavailable in the instant § 2241 claim.

Discussion

Petitioner is a detainee in a South Carolina detention center. Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

As an initial matter, Petitioner makes allegations in the original and amended pleadings regarding violation of his constitutional rights under 42 U.S.C. § 1983. Specifically, Petitioner alleges that he has been denied court access due to the Detention's Center's failure to have a law library. Petitioner also claims that he has been subjected to discrimination and cruel and unusual punishment. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the execution of a sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). However, a civil rights action is the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not [] the fact or length of his custody." *Preiser*, 411 U.S. at 499.

In *Preiser v. Rodriguez*, the Supreme Court held that when a prisoner challenges the fact or length of his confinement and seeks release from that confinement, his sole federal remedy is a writ of habeas corpus. *Preiser,* 411 U.S. at 500. While the Court reserved judgment on the question of whether challenges to prison conditions may be brought under

4

28 U.S.C. § 2241, several circuit courts have since held that claims challenging the conditions of a prisoner's confinement are not properly brought in a habeas petition. *See Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005) (claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241, as release from custody was not an available remedy); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)(per curiam)(if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action)*; Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. . . . A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement.'")(citation omitted); *Lee v. Winston*, 717 F.2d 888 (4th Cir. 1983)(holding that a claim seeking injunctive relief, which was unrelated to the legality of a prisoner's confinement, was cognizable under 28 U.S.C. § 1983, but not under 28 U.S.C. § 2254). *See also Warman v. Philips*, Civil Action No. 1:08cv217, 2009 WL 2705833 at *3 (N.D.W.Va. Aug. 25, 2009)(holding that it is well established that a § 2241 petition "may not be used to challenge [an] inmate's conditions of confinement"). Thus, Petitioner's claims regarding jail conditions at the CCDC are subject to summary dismissal for failure to state a cognizable § 2241 claim.

Petitioner also appears to be alleging various violations of his constitutional rights associated with a 2003 conviction. ECF No. 10, page1; ECF No. 12, pages 1-3. However, to the extent Petitioner is seeking habeas relief for his 2003 conviction, such a claim must be brought pursuant to 28 U.S.C. § 2254, after exhaustion of all state remedies. 28 U.S.C.

§2254(a),(b)(1)(A). Further, as indicated above, monetary damages for such violations are not an available remedy in a § 2241 habeas action.[4]

Next, Petitioner claims that he is currently being detained unlawfully pursuant to a probation violation warrant. Petitioner seeks release from custody and expungement of his record. However, generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43-44 (citation omitted). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392,

---

[4] It is also noted that, even in an action brought pursuant to 42 U.S.C. § 1983, monetary damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid" are barred unless a plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). While the preclusive rule of *Heck* does not apply to some claims filed by pretrial detainees, *Wallace v. Kato,* 549 U.S. 1362 (2007), *Heck* remains applicable in the context of an existing conviction.

1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner states that he was arrested in July of 2010 and served with a probation violation warrant on September 2, 2010. ECF No. 10, page 2. Clearly, an ongoing state criminal proceeding exists. The second criteria has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26. *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.* Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.*

For example, in *Moore*, the Court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. *Id.* at 443. *See generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226-27. In the instant case, Petitioner can pursue his claims in state court both during and after his probation violation hearing, so he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his petition should be dismissed.

Finally, it is noted that, even if the Petitioner could avail himself of §2241, the instant petition would still be dismissed for failure to exhaust administrative remedies. Although §2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at **1 (4th Cir. Feb. 6, 2004)(citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). Petitioner fails to demonstrate that he has made any attempt to exhaust his available state remedies. As Petitioner fails to state a cognizable claim under, or meet the exhaustion requirement for, a habeas action pursuant to § 2241, summary dismissal is appropriate.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the petition *without prejudice* and without requiring the respondents to file an answer. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus

8

petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  The Petitioner's attention is directed to the important notice on the next page.

                                  s/Bruce Howe Hendricks
                                  United States Magistrate Judge

November 23, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).